IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ALBERTO RAMIREZ-LOPEZ,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:05-CV-210 TS<br>Criminal Case No. 2:03-CR-793 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his Federal Sentence, pursuant to 28 U.S.C. § 2255.  Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court will deny Petitioner's § 2255 Motion.

I.  BACKGROUND

On October 8, 2003, Petitioner was charged in a one-count Indictment alleging a violation of 8 U.S.C. § 1326, Re-entry of a Previously Deported Alien.[1]  On December 18, 2003, Petitioner appeared before this Court for a change of plea hearing.  On March 2, 2004, Petitioner was sentenced to 77 months in the custody of the Bureau of Prisons.  Judgment was entered the following day.  Petitioner did not file a direct appeal.  On March 11, 2005, Petitioner filed this Motion pursuant to 28 U.S.C. § 2255.

II.  DISCUSSION

Petitioner raises three arguments in his § 2255 Motion: (1) that his former counsel was ineffective for failing to file a Notice of Appeal on his behalf; (2) that Petitioner's sentence was based on facts that were not presented to the jury in violation of the Sixth Amendment; and (3) that his former counsel coerced Petitioner into entering the plea agreement.

A.      *BLAKELY* ISSUES

Petitioner's argument centers on the Supreme Court cases of *Blakely v. Washington*[2] and *United States v. Booker*.[3]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level—based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt—were in violation of his Sixth Amendment rights.

---

[1] Case No. 2:03-CR-793 TS, Docket No. 1.

[2] 540 U.S. 965 (2004).

[3] 125 S.Ct. 738 (2005).

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[4]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[5]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[6]  The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[7]  Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

B.     INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-prong test for Courts to employ in making a determination of ineffectiveness of counsel.[8]  To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance falls below an objective standard of

---

[4] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[5] 125 S.Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[6] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[7] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

[8] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

reasonableness, and that counsel's deficient performance was prejudicial.[9]  To successfully claim ineffective assistance, then, Petitioner must show two things: first, that his counsel functioned deficiently by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[10]  Second, he must show that counsel's deficient functioning prejudiced Petitioner's defense in that "counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable.[11]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[12]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[13]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[14]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[15]

---

[9] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 688).

[10] *Strickland*, 466 U.S. at 687.

[11] *Id*.

[12] *Id*.

[13] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[14] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[15] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

Petitioner's ineffective assistance claims fall into two categories: (1) that counsel coerced Petitioner to enter into the plea agreement; and (2) that counsel was ineffective by failing to file and appeal on Petitioner's behalf after being requested to do so.  These issues will be discussed separately below.

1.      *Conviction Obtained Through Coercion*

In his § 2255 Motion, Petitioner states that "[f]ormer counsel simply threatened the Defendant that if he did not sign the plea agreement that [he] would receive [a] far greater sentence."[16]

The Court finds that Petitioner does not show that Counsel made serious mistakes, which fell below an objective standard of reasonableness, and as such, the Court need not address the second prong of the *Strickland* test for this claim.  The Court can find no error in counsel's statements that if Petitioner were to proceed to trial he would likely receive a greater sentence than the one offered under the plea agreement.  In fact, counsel may have been ineffective for not making such a disclosure.

In addition, Petitioner made affirmative statements, orally and in writing, that he was satisfied with the advice and assistance of trial Counsel.  In the written Agreement, Petitioner signed his name beneath the following statements:

> – I know that the maximum possible penalty provided by law for a violation of 8 U.S.C. § 1326 (Reentry of a Previously Removed Alien) as alleged in Count I of the Indictment is: 20 years imprisonment, a $250,000 fine, or both.[17]

---

[16]Case No. 2:05-CV-210, Docket No. 1.

[17]Case No. 2:03-CR-793, Docket No. 14.

– No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.[18]

– I have discussed this case and this plea with my lawyer as much as I wish.[19]

– I am satisfied with my lawyer.[20]

– My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication, or intoxicants.[21]

– I have no mental reservations concerning the plea.[22]

– I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.[23]

Further, during the Rule 11 plea colloquy, in addition to Petitioner confirming that he had discussed the plea agreement with Counsel, Petitioner confirmed that he was satisfied with the advice to, and representation of him by Counsel. From this, the Court found that Petitioner had

---

[18]*Id.*

[19]*Id.*

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.*

entered into the plea agreement freely and voluntarily, with full knowledge of his legal rights and consequences of entering the plea.[24]

Petitioner has made no meritorious argument, and nothing in the record suggests, that counsel was ineffective in the plea process or that he was coerced to enter into the plea agreement.  Therefore, the Court finds that there was no deficient functioning of Counsel in the underlying criminal case.  As such, Petitioner's ineffective assistance claim, with regard to the conviction being obtained through coercion is denied.

>    2.    *Failure to File an Appeal*

Petitioner's second argument in support of his claim that his counsel provided ineffective assistance is that counsel failed to file a Notice of Appeal after being instructed to do so.

If a defendant specifically requests that his counsel file an appeal, and counsel refuses or fails to do so, the Supreme Court has held that this conduct is "professionally unreasonable."[25]  If counsel does not file a requested appeal, a defendant is entitled to a new appeal without a showing that his appeal likely would have had merit.[26]

It is appropriate, therefore, to hold an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings to determine the issue of whether Petitioner requested his former counsel to file an appeal.  The Court will set this matter for an evidentiary hearing and will appoint counsel for Petitioner pursuant to Rule 8(c).

--------

[24]Case No. 2:03-CR-793, Docket No. 13.

[25]*Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

[26]*Id*.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:05-CV-210 TS) is DENIED IN PART.  It is further

ORDERED that the Court will, by separate order, set this matter for an evidentiary hearing on the sole issue of whether Petitioner requested counsel to file an appeal on his behalf. It is further

ORDERED that the Court, by separate order, will appoint counsel pursuant to Rule 8(c).

DATED   August 7, 2007.

BY THE COURT:

TED STEWART
United States District Judge

8